THATCHER MAGOUN *vs.* JOSEPH N. BRUCK & another.

Suffolk. January 28, 1903. — May 22, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Contract*, Construction. *Equity Jurisdiction*, Specific performance.

A contract in writing stipulated that the defendant, having a secret process of manufacturing grease from oils and desiring to place the product on the market, agreed with the plaintiff "to allow him the first and sole opportunity to secure capital as may be necessary, it being provided that this sole option is to be held by and for" the plaintiff "for sixty days from the date of this instrument; and further that in the event of any arrangement being made satisfactory," the plaintiff should receive a commission of twenty per cent "of the moneys, stock

of a company, if formed" or of any advantage secured by the plaintiff and accepted by the defendant, to be paid to the plaintiff "as payment for services." The plaintiff failed to secure any capital or make any arrangements within sixty days, and later brought a bill for specific performance of the contract, claiming twenty per cent of the capital stock of a corporation organized by the defendant. *Held,* that the contract provided for the payment of the twenty per cent commission only in case a satisfactory arrangement by which capital was secured was made in the exercise of the option within the sixty days. If the plaintiff rendered services later, or if his services within the sixty days resulted in some kind of benefit to the defendant after the expiration of that period, the plaintiff, if entitled to recover at all, must recover outside of the contract.

BILL IN EQUITY, filed October 2, 1902, to compel the specific performance of a contract in writing stated by the court.

In the Superior Court the case was heard by *Fox,* J. He ruled as matter of law that the plaintiff was not entitled to recover under the contract, because no arrangement for securing capital had been effected within sixty days from its date, and that the question whether the plaintiff could recover independently for services rendered was not before him. He ordered the bill to be dismissed without prejudice to an action at law, and at the plaintiff's request reported the case for determination by this court.

*F. H. Stewart,* for the plaintiff.

*A. A. Highlands, C. W. Ward & E. D. Gould,* for the defendants.

KNOWLTON, C. J. This is a bill in equity to compel specific performance of a contract in writing. Under the findings of the presiding judge, the decision turns upon the meaning of the following stipulation, which is the substantive part of the contract: " The said Bruck, having a secret process to manufacture grease from oils, desires to place the product on the market, and in order to do so agrees with the said Magoun to allow him the first and sole opportunity to secure capital as may be necessary, it being provided that this sole option is to be held by and for the said Magoun for sixty days from the date of this instrument; and further that in the event of any arrangement being made satisfactory, the said Magoun is to be compensated by said Bruck to the extent of twenty per cent of the moneys, stock of a company, if formed, or in fact twenty per cent of any advantage secured by said Bruck and accepted by him, to be paid said Magoun as payment for services." Then follows an agreement

by the plaintiff to introduce Bruck to investors and manufacturers, and to endeavor to secure adequate capital to establish a business for the use of this process.

The plaintiff failed to secure any capital or to make any arrangements within the sixty days, or to accomplish anything which then appeared to be valuable, and the question is, whether, if Bruck afterwards derived an advantage from the plaintiff's previous efforts, he is bound to give up twenty per cent of what he then obtained in part by his own efforts and in part as a result of previous efforts of the plaintiff. The first half of the stipulation above quoted is only a statement of the option which Bruck gives the plaintiff, under which he is to work, and it contains no provision for compensation or benefit to the plaintiff. The last half provides for compensation for the plaintiff's work previously referred to. We think that these two parts of the stipulation are inseparably connected, the last part referring to the first part, and not to any work to be done independently, or otherwise than in the exercise of the option within sixty days. This compensation is to be subject to a condition. It will be given only " in the event of any arrangement being made satisfactory." This means a satisfactory arrangement by which capital is secured in the exercise of this option within the sixty days. There is nothing to indicate that this special provision for giving twenty per cent of the stock or of other benefits applies to any other services than the securing of necessary capital by a satisfactory arrangement within the sixty days. If the plaintiff rendered service afterwards, or if some other kind of benefit was afterwards received by Bruck from his previous service, the plaintiff is not on that account entitled to this special compensation. If he is entitled to compensation at all, it will be computed in another way.

The judge found that " There was no waiver or extension of the time limit of the agreement, and there was no attempt to delay the negotiations for the purpose of defeating the plaintiff's right to a commission under the agreement." We are of opinion that the ruling was correct.

                                        *Bill dismissed.*